**BOCHNER PLLC**
Gregory Kenyota (SBM 282304)
Andrew D. Bochner (*Pro Hac Vice* to be filed)
Joseph Farco (*Pro Hac Vice* to be filed)
Joshua T. English (*Pro Hac Vice* to be filed)
Gregory Jaquint (*Pro Hac Vice* to be filed)
gkenyota@bochner.law
andrew@bochner.law
450 Townsend Street, Suite 100
San Francisco, CA 94107
Phone: (646) 971-0685
Fax: (646) 343 - 9672

Attorneys for Plaintiff RAYCON, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYCON, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SHENZHEN SHOKZ CO., LTD., a foreign limited liability corporation <br><br> Defendant | Case No. _____ <br><br> **COMPLAINT FOR DAMAGE AND FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, RAYCON, INC. ("Raycon" and/or "Plaintiff") by and through its counsel, seek Declaratory Judgement of Patent Non-Infringement and invalidity, and Patent Misuse against SHENZHEN SHOKZ CO., LTD. ("Defendant"), and alleges based on information and belief as follows:

## NATURE OF THE ACTION

1.  This is an action for a declaratory judgment of non-infringement and invalidity of United States Patent No. 12,108,208 B2 (the "'208 Patent") arising under

the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code. A true copy of the '208 Patent is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

2. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction), 1332 (Diversity Jurisdiction), and 1338 (action arising under an Act of Congress relating to patents). This action is also brought under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

3. Jurisdiction is proper as the claim arises under federal law and Defendant, being an entity with its domicile and primary place of business in China, is not subject to any state court's general jurisdiction.

4. Exercising jurisdiction over Defendant is consistent with the United States Constitution and laws as Defendant knowingly enforces its U.S. patent rights in the United States and actively participates in patent enforcement procedures through Amazon within the United States

5. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

6. Venue is proper in this action under 28 U.S.C. § 1391 because Defendant does business within the state of California, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendant is subject to personal jurisdiction in this District.

7. California contains multiple large Amazon fulfillment centers, which would distribute Plaintiff's products across the state. Therefore, Defendant's claim of

infringement includes transactions that happen on a regular basis within California's jurisdiction.

8. For the '208 Patent, there is no filed designation with a person designated under 35 U.S.C. § 293. Therefore, jurisdiction and venue are proper in this district pursuant to 35 U.S.C. § 293.

## THE PARTIES

9. Plaintiff Raycon, Inc. is a Delaware corporation with a principal place of business at 1115 Broadway, Suite 12, New York, New York 10010.

10. On information and belief, Defendant, Shenzhen Shokz Co., Ltd, is a Chinese Business entity located in the People's Republic of China with an address of Floors 1-4, Factory Building 26, Shancheng, Industrial Park, Shiyan Street, Bao'an District, Shenzhen, Guangdong, China 518108.

## FACTUAL BACKGROUND

**The Patent at Issue**

11. The '208 Patent, entitled ACOUSTIC OUTPUT DEVICES, names Liwei Wang, Lei Zhang, Fengyun Liao, and Xin Qi as the inventors and states an issue date of October 1, 2024.

12. The '208 Patent is directed to an acoustic output device that includes an acoustic driver having a diaphragm and a magnetic circuit structure, where the diaphragm vibrates to radiate sound from both its front and back sides. The acoustic driver is carried by a housing structure such that a back cavity is formed behind the driver, with side walls connected by a curved structure. The housing structure further includes at least one sound outlet hole acoustically coupled with the back cavity, through which sound radiated to the back cavity is output, the sound outlet hole being located on at least part of the side walls of the back cavity.

13. On information and belief, Defendant is the owner of all right, title, and interest in the '208 Patent.

**Existence of an Actual Controversy**

14. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

15. Raycon is an Amazon Seller.

16. Raycon maintains a storefront with Amazon and has an Amazon Seller ID of A1EIFQX5RJTGSD. Raycon sells a variety of audio products including, but not limited to, bone conduction headphones, open-ear headphones, earbuds, and other commercial products of like kind. Amazon.com is the primary sales channel through which Raycon sells its products.

17. Since its formation, a majority of Raycon's revenue has come from sales made by and through Amazon.com.

18. Among its products available through Amazon.com is Raycon's "Raycon Fitness Open Earbuds – True Wireless Open Ear Bluetooth Headphones, Hook Design, IPX5 Water Resistant, 40 Hours of Battery Life (Black)" Amazon Standard Identification Number ("ASIN") B0DBN31S41 (the "Accused ASIN").

19. The Accused ASIN is exemplified by the product below:

 

*See* https://www.amazon.com/dp/B0DBN31S41 (hereinafter referred to as "Open Earbuds" and/or the "Plaintiff's Product").

20. On or around July 28, 2025, Defendant submitted a complaint to Amazon (Case ID no. 18142010351) alleging that Raycon's Open Earbuds infringe the '208 Patent and requesting that Amazon delist Raycon's Open Earbuds from Raycon's Amazon Storefront (the "Amazon Complaint"). A true and correct copy of an email Raycon received from Amazon notifying Raycon of the Amazon Complaint is attached hereto as **Exhibit B**.

21. The Open Earbuds do not infringe, and have never infringed, either directly or indirectly, any valid and enforceable claim of the '208 Patent, whether literally or under the doctrine of equivalents.

22. For example, the '208 Patent includes one independent claim, claim 1, which recites, *inter alia*, "a housing structure configured to carry the acoustic driver, wherein the back side of the acoustic driver and the housing structure form a back cavity" and "at least one sound outlet hole, the at least one sound outlet hole is acoustically coupled with the back cavity and outputs the sound radiated to the back cavity by the acoustic driver to the outside of the acoustic output device."

23. Raycon's Open Earbuds do not include, among other things, at least one sound outlet hole is acoustically coupled with the back cavity and outputting the sound radiated to the back cavity by the acoustic driver.



24. As shown above, the hole in the housing which outputs sound from the acoustic driver is not located in the back cavity, but rather in a separate compartment, and does not output sound radiated to the back cavity, which is the space separate to the sealed compartment and defined by the back side of the acoustic driver and the housing.

25. Further, and without limitation, the '208 Patent is invalid as being obvious under 35 U.S.C. § 103. At least claim 1 of the '208 Patent would have been obvious to a person of ordinary skill in the art at least as early as the earliest date of priority of the '208 Patent in light of at least a combination of two or more references, including but not limited to (1) U.S. Pat. No. 4,742,887 A (the "'887 Patent") and JP Pat. No. 5,867,705 B2; and/or (2) the '887 Patent and CN Pat. No. 201957195U.

26. The combination of either (1) the '887 Patent and JP Pat. No. 5,867,705 B2, and/or (2) the '887 Patent and CN Pat. No. 201957195U discloses each and every element of at least claim 1 of the 208 Patent.

27. Without limitation, the table below demonstrates how each and every limitation of claim 1 '208 Patent is disclosed by at least the '887 Patent and JP Pat. No. 5,867,705 B2:

| '208 Patent Claim 1 Limitations | '887 Patent and JP5867705B2 Patent Disclosure |
|---|---|
| an acoustic driver, wherein the acoustic driver includes a diaphragm and a magnetic circuit structure | • **'887 Patent**:<br>• "Earphone 10 is shown to comprise . . . a driver unit 12. The driver unit 12 includes a magnetic circuit formed by a magnetic plate 13, a yoke 14 and a magnet 15, and a vibration system formed of a diaphragm 16 and a voice coil 17 which is accommodated in a gap between yoke 14 and magnet 15.<br><br>Fig. 1 PRIOR ART<br>Acoustic Driver (12) includes a diaphragm (16) magnetic circuit structure (13, 14, and 15) |
| a side of the diaphragm facing away from the magnetic circuit structure forms a front side of the acoustic driver, a side of the magnetic circuit structure facing away from the diaphragm forms a back side of the acoustic driver | <br>Fig. 1 PRIOR ART<br>A side of the magnetic circuit structure (13, 14, and 15) facing away from the diaphragm (16) forming a back side of the acoustic driver (10)<br>A side of the diaphragm (16) facing away from magnetic circuit structure (13, 14, and 15) forming a front side of the acoustic driver (10) |
| the diaphragm vibrates so that the acoustic driver radiates sounds outward | • **'887 Patent**: |

| | |
|---|---|
| from its front side and back side, respectively | - "A force to effect **forward and backward movement of diaphragm 16** is represented by a voltage source Vs."<br>- "Driver unit 12 extends across housing 11 adjacent a **sound generation opening at the front of the housing**."<br>- "Since no resistance material covers or otherwise interferes with **the passage of sound through the holes 23 in the back of housing 11,** the acoustic resistance Rb of the back cavity 18b is so small that it can be ignored in comparison with the acoustic resistance Ra."<br> |
| a housing structure configured to carry the acoustic driver, wherein the back side of the acoustic driver and the housing structure form a back cavity, and side walls of the back cavity are | - **'887 Patent**:<br>- "Earphone 10 is shown to comprise a housing 11 containing a driver unit 12."<br>- "Driver unit 12 extends across housing 11 adjacent a sound |

| connected to each other by a curved structure | generation opening at the front of the housing so as to divide the interior of the housing into a front cavity 18a and a back cavity 18b." |
|---|---|

- **JP5867705B2**:
- "The speaker cabinet 11 of the speaker 1 has a front end in a hollow rectangular parallelepiped having dimensions of left and right width H (for example, H = 65 mm), vertical width W (for example, W = 65 mm), and front and rear width L (for example, L = 90 mm). It has an external shape in which a part of the side and rear end side is rounded."
- **CN201957195U**:
- "Casing 10 comprises by piling up and being bonded together so that form the wall 12 that a plurality of timber layers of warp architecture are made. In this particular example, described warp architecture defines the rear portion of casing, and the cross section of this warp architecture defines ellipsoidal shape."

Fig. 1
PRIOR ART

| the housing structure includes at least one sound outlet hole, the at least one sound outlet hole is acoustically coupled with the back cavity and outputs the sound radiated to the back cavity by the acoustic driver to the outside of the acoustic output device, wherein the at least one sound outlet hole is located on at least part of the side walls of the back cavity | <ul><li>**'887 Patent**:</li><li>"A plurality of holes 23 are formed in the back of housing 11 and the back cavity 18b communicates freely through such holes 23 with the surrounding atmosphere."</li><li>". . . the passage of sound through the holes 23 in the back of housing 11 . . ."</li></ul> |
|---|---|

28. Despite being invalid, Defendant nevertheless chose to file complaint with Amazon alleging that Raycon's Open Earbuds infringe the '208 Patent.

29. Raycon now faces imminent loss of sales through Amazon.com of Raycon's Open Earbuds without judicial intervention.

30. The calculatable and uncalculatable detriments caused by Defendant's Amazon Complaint have caused irreparable damage to Raycon's brand and Raycon's primary means of commercialization of its Open Earbuds and the source of its business incomes.  Barring a judgment in its favor, Raycon risks losing a substantial amount of

business and suffer losses due to the delisting of Raycon's Open Earbuds through Amazon.com.

31. Based on the foregoing, a justiciable controversy exists between Raycon and Defendant as to whether Raycon's Open Earbuds infringe the '208 Patent and whether the claims of the '208 Patent are valid.

32. Absent a declaration of non-infringement or invalidity, Defendant will continue to wrongfully allege that Raycon's Open Earbuds infringe the '208 Patent, and thereby cause Raycon irreparable injury and damage.

**Defendant's Inequitable Conduct**

33. The '208 Patent issued on October 1, 2024, from U.S. Appl. No. 17/932,288 (the "'288 Application").

34. Defendant also filed a counterpart European patent application, Application No. 20864563.0 (the "EP Application"), which is directed to subject matter substantially similar to that of the '208 Patent.

35. On August 29, 2022, just over two weeks before the '288 Application was filed, the European Patent Office ("EPO") issued a European Search Report and Written Opinion in the EP Application (the "European Search Report").

36. The European Search Report identified four prior art references as "X" references, indicating that they were material to the patentability of the claims pending in the EP Application. These prior art references are listed below:

1. U.S. Pat. Pub. No. 2018/167710 A1 (Silver Jason [US] et al.) 14 June 2018
2. Int'l Pat. Pub. No. 2019/152478 A1 (Bose Corp. [US]) 8 August 2019
3. U.S. Pat. Pub. No. 2017/201822 A1 (Shetye Mihir D [US] et al.) 13 July 2017
4. U.S. Pat. No. 7,499,555 B1 (Isvan Osman K [US]) 3 March 2009

37. At least some of the above references cited in the European Search Report are also material to the patentability of the claims in the application that matured into the '208 Patent.

38. Defendant was aware of the European Search Report and its cited references no later than February 9, 2023, when Defendant's European counsel filed a response to the European Search Report in the EP Application, including amendments to the claims in view of the cited prior art.

39. Despite Defendant's actual knowledge of the European Search Report and its cited references, Defendant failed to disclose the European Search Report and the cited prior art references to the United States Patent and Trademark Office ("USPTO") during prosecution of the application that resulted in the '208 Patent.

40. Defendant did not file an Information Disclosure Statement ("IDS") in the U.S. application to bring the European Search Report or the cited references to the attention of the USPTO Examiner, even though Defendant was under a duty of candor and good faith to disclose all information known to be material to patentability under 37 C.F.R. § 1.56.

41. The USPTO issued the '208 Patent on October 1, 2024, without ever having been made aware of, or considering, the European Search Report and the references cited therein.

42. Defendant's intentional decision to withhold the European Search Report and the cited references, despite actual knowledge of their materiality, constitutes inequitable conduct before the USPTO and renders the '208 Patent unenforceable.

43. Notwithstanding its knowledge that the '208 Patent is unenforceable, Defendant has asserted the '208 Patent against Raycon by filing a complaint with Amazon.com, Inc.'s patent evaluation system, alleging that Raycon's Product infringes the '208 Patent.

44. Defendant's assertion of the '208 Patent against Raycon, despite knowing that the patent is unenforceable due to its inequitable conduct, constitutes patent

misuse and further confirms that there exists an actual and justiciable controversy between the parties regarding the enforceability of the '208 Patent.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

45. Raycon repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

47. A judicial declaration is necessary and appropriate so that Raycon may ascertain its rights regarding its Open Earbuds and the '208 Patent.

48. Raycon is entitled to a declaratory judgment that Raycon has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '208 Patent under 35 U.S.C. § 271.

## COUNT II

### (Declaratory Judgment of Invalidity)

49. Raycon repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

50. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

51. A judicial declaration is necessary and appropriate so that Raycon may ascertain its rights regarding the validity of the '208 Patent.

52. Raycon is entitled to a declaratory judgment that the claims of the '208 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III

### (Declaratory Judgment of Unenforceability)

53. Raycon repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

54. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of unenforceability.

55. A judicial declaration is necessary and appropriate so that Raycon may ascertain its rights regarding the enforceability of the '208 Patent.

56. Raycon is entitled to a declaratory judgment that the '208 Patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office (USPTO) as described with particularity in the preceding paragraphs.

## COUNT IV

### (Common Law Tortious Interference with Contractual Relations)

57. Raycon repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

58. Raycon has a valid and existing contract with Amazon to sell their product at issue listed under ASIN B0DBN31S41 through Amazon.com.

59. Raycon is informed and believes, and on that basis alleges, that Defendant knew or should have known as an Amazon seller itself that the availability of Raycon's ASIN on Amazon.com must have required Raycon to have had one or more contractual relationships with Amazon.

60. Raycon is informed and believes, and on that basis alleges, that Defendant knew or should have known as an Amazon seller itself that for Raycon to maintain its ASINs on Amazon.com, Raycon must have had contractual relationships with consumers using the Amazon.com platform.

61. Raycon is informed and believes, and on that basis alleges, that Defendant intentionally interfered with Raycon's contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against Raycon to attempt to have Raycon's ASIN and product associated therewith removed and eliminate Raycon's lawful competition via Amazon.com.

62. Defendant continues its efforts to harm Raycon through its frivolous and spurious infringement complaints against Raycon by claiming that Plaintiff's Product infringes upon one or more claims of the '208 Patent despite knowing that the '208 Patent was invalid, unenforceable, and/or not infringed.

63. Raycon has suffered direct, proximate and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

64. Defendant's efforts to have Plaintiff's Product delisted through improper means was and is unlawful, fraudulent and based on fraudulent activity before a Federal agency.

65. By reason of Defendant's acts, Raycon is entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT V
**(Intentional Interference with Prospective Economic Advantage)**

66. Raycon repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

67. Raycon's ongoing business relationship with Amazon includes the selling of the Plaintiff's Product to which Defendant has made a frivolous and spurious infringement complaint to Amazon.

68. Raycon's ongoing business relationship with Amazon includes the current sale of Plaintiff's Product which Defendant claims is infringing the non-infringed, invalid, and unenforceable '208 Patent.

69. Defendant had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Raycon and Amazon regarding Plaintiff's Product.

70. Raycon is informed and believes, and on that basis alleges, that Defendant intentionally and knowingly made fraudulent assertions of patent infringement, thus harming the future and ongoing business relationship between Raycon and Amazon.

71. Defendant knew that filing the Amazon Complaint would harm Raycon's business, and would benefit Defendant due to it having less competition.

72. Defendant intended to harm Raycon by fraudulently convincing Amazon to remove Raycon's ASIN and the product associated therewith.

73. Defendant's filing of the Amazon Complaint constituted willful and fraudulent efforts to harm Raycon, diminish Raycon's Amazon sales, rankings, review, reputation, goodwill, and standing in the market.

74. Defendant knows or should have known as an Amazon seller itself that filing the Amazon Complaint would harm Raycon's business and would benefit Defendant due to it having less competition.

75. Defendant intended to harm Raycon by fraudulently initiating an infringement complaint with Amazon against Raycon in the effort to convince Amazon to remove the Accused ASIN.

76. Defendant has no privilege or justification in interfering with Raycon's relationships with Amazon.

77. As a result of Defendant's interference with Raycon's ongoing and future relationship with Amazon, Raycon has incurred damages and will continue to incur damages.

78. By reason of the foregoing, Plaintiff has suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

## COUNT VI

### (Patent Misuse)

79. Raycon repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

80. Defendant misused its patent rights by threatening to prevent Raycon from selling the non-infringing Open Earbuds on Amazon.com based upon the non-infringed, invalid, and unenforceable '208 Patent.

81. Defendant has misused its '208 Patent by alleging patent infringement by Raycon to Amazon while knowing that the '208 Patent is not infringed, invalid, and/or unenforceable. Defendant's actions involving the '208 Patent to restrain Plaintiff's freedom of competition using an illegitimate patent right constitutes a per se violation of the antitrust laws.

82. Plaintiff's business has been and continues to be injured because of Defendant's patent misuse. Defendant's unlawful use of the '208 Patent, either alone, or in concert with any other party, such as Amazon, has impeded Plaintiff's abilities to make sales of its non-infringing products.

83. Amazon's threat of possible deactivation of Plaintiff's Product listing has caused, and continues to cause, Plaintiff irreparable harm in terms of incurring substantial cost in defending its Product against Defendant's false claims of infringement.

84. As a result of Defendant's willful misuse of the '208 Patent, Plaintiff is entitled to recover threefold the damages it has sustained, and the cost of this lawsuit, including a reasonable attorney's fees.

## COUNT VII

### (Unfair Competition Under California Law)

85. Raycon repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

86. The conduct of Defendant amounts to unfair competition under Section 17200 et. seq. of the California Business & Professions Code, which prohibits any unlawful, unfair, or fraudulent business act or practice.

87. Plaintiff's business has been and continues to be injured as a result of Defendant's unlawful, unfair, and fraudulent conduct by requesting Amazon to remove Plaintiff's listings of the Racyon's Product based on a knowingly unenforceable, invalid, and non-infringed '208 Patent. Amazon's threat of possible deactivation of Raycon's Product listing has caused, and continues to cause, Plaintiff to lose substantial sales and impose irreparable harm in terms of incurring substantial cost in defending its Product against Defendant's false claims of infringement.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's product does not infringe any valid claim of the '208 Patent.

C. Declaring that the claims of the '208 Patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

D. Adjudging that the '208 Patent is unenforceable;

E. Awarding Plaintiff its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285.

F. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

G. Order by this Court that Defendant must immediately revoke any complaints of infringement of the '208 Patent made to Amazon.com with respect to Raycon.

H. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '208 Patent against Raycon and Plaintiff's Product and associated ASINs.

I. Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

J. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

K. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

L. Awarding to Plaintiff exemplary, punitive, statutory, and enhanced damages.

M. Awarding pre- and post- judgment interest.

N. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

Dated: September 26, 2025

Respectfully submitted,

By: /s/ Gregory Kenyota
Gregory Kenyota, Esq.
Andrew D. Bochner, Esq. (*pro hac vice* to be filed)
Joseph Farco, Esq. (*pro hac vice* to be filed)
Joshua T. English, Esq. (*pro hac vice* to be filed)
Gregory Jaquint, Esq. (*pro hac vice* to be filed)

*Attorneys for Raycon, Inc.*